# EXHIBIT 1

| Approved, SCAO | Original - Court | 2nd copy - Plaintiff |
|---|---|---|
| | 1st copy - Defendant | 3rd copy - Return |

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>2nd JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>17-0113 CL |
|---|---|---|

Court address: 811 Port Street, St. Joseph, k Michigan 49085

Court telephone no.: (269) 983-7111

**Plaintiff's name(s), address(es), and telephone no(s).**
CASSANDRA SIKES
261 E. St. Jospeh
Coloma, MI 49038
(269)468-4250

v

**Defendant's name(s), address(es), and telephone no(s).**
PRIDE CARE PLUS
C/O Marie Eisenbrenner
6001 Mountain Road
Coloma, MI 49038
(269) 343-2224

**Plaintiff's attorney, bar no., address, and telephone no.**
Kevin S. Anderson (P48851)
KEVIN S. ANDERSON, PLC
620 Broad Street, Ste. 204
St. Joseph, MI 49085
(269) 932-4224

**SUMMONS** | **NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

Issued: MAY 17 2017 | This summons expires: AUG 16 2017 | Court clerk: SHARON J. TYLER

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT** | *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**
Plaintiff(s) residence (include city, township, or village): Coloma, Michigan
Defendant(s) residence (include city, township, or village): Coloma, Michigan
Place where action arose or business conducted: Coloma, Michigan

05/17/2017 | Signature of attorney/plaintiff
Date

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (5/15) **SUMMONS AND COMPLAINT**   MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

| | |
|---|---|
| **PROOF OF SERVICE** | **SUMMONS AND COMPLAINT**<br>Case No. |

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐ **OFFICER CERTIFICATE**
I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

**OR**

☐ **AFFIDAVIT OF PROCESS SERVER**
Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required)

☐ I served personally a copy of the summons and complaint,
☒ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _Plaintiff's First Set of Interrogatories and Request for Production to Defendant Pride Care Plus_
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| Ms. Marie Eisbrenner<br>Pride Care Plus | 6001 Mountain Road<br>Coloma, MI 49038 | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                          Date

My commission expires: _____  Signature: _____
                         Date                    Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                    Attachments

_____ on _____
                                        Day, date, time

_____ on behalf of _____.
Signature

STATE OF MICHIGAN

BERRIEN COUNTY TRIAL COURT – CIVIL DIVISION
811 Port Street, St. Joseph, MI  49085          (269) 983-7111

\*\*\*\*\*\*

CASSANDRA SIKES

                Plaintiff,          Case #: 17-0113   CL

v.                                               HON. DENNIS M. WILEY

PRIDE CARE PLUS
        Defendant.

Kevin S. Anderson (P48851)
KEVIN S. ANDERSON, PLC
Attorney for Plaintiff
620 Broad Street, Suite. 204
St. Joseph, MI 49085
(269) 932-4224

DUPLICATE ORIGINAL

## COMPLAINT

There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

Plaintiff states:

### Jurisdiction and Parties

1. This is an action for violations of the Persons with Disabilities Civil Rights Act (PDCRA), MCL 37.1101 et seq., Elliott-Larsen Civil Rights Act, MCLA 37.2202, and the Family and Medical Leave Act of 1993 (FMLA), 29 USC 2601 et seq.

1

2. This court has jurisdiction of the FMLA claim as the Court of general jurisdiction with respect to the parties and pursuant to 28 USC 1331

3. Plaintiff is a citizen of the United States and the State of Michigan and resides in Berrien County.

4. Defendant is a Michigan employer with facilities and a principal place of business in Berrien County.

5. Plaintiff is an *eligible employee* as defined by the FMLA and by the PDCRA.

6. Defendant is an *employer* as defined by the FMLA and by the PDCRA.

7. Defendant Valentine Repair Service Center is an *employer* as defined in Michigan's Elliott-Larsen Civil Rights Act (the Act), MCLA 37.2301, 2401, MSA 3.548(301), (401)(hereinafter ELCRA).

8. The events giving rise to this cause of action occurred within the County of Berrien, State of Michigan.

Background Facts

9. Plaintiff began working with Defendant as a volunteer EMT in 1984.

10. Plaintiff began working for Defendant in their office in 1997.

11. Plaintiff was subsequently promoted and ultimately served, from 2006 until her termination in 2015 as Defendant's Director of Community Relations although her last assignment involved making dunning calls to customers with outstanding balances.

12. Plaintiff served on Defendant's Board of Directors from 1985 until 2014.

13. Throughout the course of Plaintiff's employment she received only positive and favorable performance evaluations.

14. At all times relevant to this action, Defendant was aware that Plaintiff suffers a serious health condition, severe back and leg pain.

15. On January 15, 2015, Plaintiff was summoned to a meeting with management, Marie Eisenbrener, Defendant's COO, and Brian Balow, Defendant's CEO, wherein she was advised that she "was not working up to her A game" and it was suggested that she could be approved for total disability with her "back issue."

16. During the January 15, 2015 Defendant's management suggested that Plaintiff could get a reverse mortgage and start collecting Social Security disability benefits and Brian Balow suggested that the Defendant could then bring her back to take care of Berrien County nursing homes that were clients of the Defendant.

17. Plaintiff refused to resign during the January 15, 2015 meeting.

18. On January 18, 2015, unknown to Plaintiff, Marie Eisbrenner, Defendant's COO, reached out thorough private Facebook Messenger to Plaintiff's daughter Jessica claiming that something was wrong with Plaintiff, that Plaintiff did not look good and Eisenbrenner provided Plaitniff's daughter with information regarding Plaintiff's available insurance benefits.

19. On February 26, 2015 Plaintiff advised Ms. Eisenbrenner that she was looking into taking FMLA leave.

3

20. On February 27, 2015 Ms. Eisenbrenner sent Plaintiff an email disparaging Aflac short term disability benefits and suggested that Plaitniff take vacation time "for the next month and then collect unemployment" with Defendant extending Plaintiff's medical coverage with COBRA so that she not pursue FMLA leave.

21. In her February 27, 2015 email Ms. Eisenbrenner claimed that she discussed the proposed suggested alternative to a claim for FMLA and/or STD benefits with Mr. Ballow and with Bill Mears, who was to become Defendant's CEO on April 1, 2015, and advised Plaintiff that she planned to hold a "semi-retirement celebration for Plaintiff on March 29, 2015.

22. Plaintiff, considering the February 27, 2015 communication from Ms. Eisenbrenner as the outset of negotiation for a severance package, replied via email with her suggestions on March 5, 2015.

23. Plaintiff heard nothing of substance back from the Defendant regarding retirement and she took her accumulated Paid Time Off (PTO) leave returning to work on March 30, 2015.

24. Plaintiff's work station was moved from an office to a cubicle and she was assigned new collections tasks using new software and a demand that she make 80 calls per day.

25. Subsequent to her return from PTO Plaintiff began to experience difficulty with the use of her cellular telephone and reported it to management.

26. Plaintiff's back pain returned and she submitted a completed application for FMLA leave on May 7, 2015 with a demand that she make 80-calls per day

4

tasks utilized her accumulated paid time off and returned to work on March 30, 2015.

27. On May 18, 2015, Brian Ballow increased Plaintiff's dunning calls output to a minimum of 100 calls per shift and remarked that he thought that she she would not wish to drive in to work and would "just take a lay off and be done with it."

28. On May 19, 2015 Bill Mears replied to an email of inquiry from Plaintiff criticizing her election to pursue FMLA leave.

29. On June 5, 2015 Plaintiff received COBRA paperwork from Defendant that stated that her employment had been terminated at the end of May 2015.

30. On June 6, 2015 Plaintiff received a copy of the employer documentation relating to her claim for short term disability benefits which stated, in relevant part, that Plaintiff had been approved for FMLA leave from May 28, 2015 through August 28, 2015.

Cause of Action
(Violations of the Family and Medical Leave Act of 1993)
Count I - Retaliation

31. Plaintiff incorporates by reference Paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff was harassed and terminated in retaliation for her pursuit of rights provided her under the FMLA 29 USC 2601 et seq.

33. This harassment included an increase in her expected volume of dunning calls, suggestions from management that she should have simply taken a lay off, and verbal criticism of her job performance, none of which were visited

5

upon similarly situated co-workers who had not availed themselves of benefits available through the FMLA.

34. Defendant's reasons for its adverse treatment of Plaintiff was mere pretext. They engaged with Plaintiff in willful retaliation for her application for approved leave pursuant to her FMLA Leave in violation of Plaintiff's rights under the FMLA, 29 USC 2601 et seq.

35. As a direct and proximate result of Defendant's actions, Plaintiff has suffered loss of income, loss of employment opportunities, emotional pain, inconvenience, mental anguish and loss of enjoyment of life.

(Violations of the Family and Medical Leave Act of 1993)
Count II – Unlawful Termination While on FMLA Leave

36. Plaintiff incorporates by reference Paragraphs 1 through 35 as though fully set forth herein.

37. Plaintiff terminated while on approved FMLA leave in violation of the FMLA 29 USC 2601 et seq.

38. As a direct and proximate result of Defendant's actions, Plaintiff has suffered loss of income, loss of employment opportunities, emotional pain, inconvenience, mental anguish and loss of enjoyment of life.

(Violation of Persons with Disabilities Civil Rights Act)
Count III – Disability Discrimination

39. Plaintiff incorporates by reference Paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiff's chronic condition had no adverse impact on her ability to perform the duties of her job.

41. Upon learning that Plaintiff suffered from chronic back and knee pain, Defendant regarded Plaintiff as having a substantially limiting physical or mental characteristic.

42. Plaintiff requested accommodation in writing and provided Defendant access to supportive medical record.

43. Defendant discriminated against Plaintiff in violation of the PDCRA, MCL 37.1101 et seq.

44. In reprimanding contacting Plaintiff's daughter, without permission, to discuss Plaintiff's medical condition Defendant violated Plaintiff's rights under the PDCRA, MCL 37.1101 et seq.

45. In terminating Plaintiff the Defendant violated Plaintiff's rights under the PDCRA, MCL 37.1101 et seq.

46. As a direct and proximate result of Defendant's actions, Plaintiff has suffered loss of income, loss of employment opportunities, emotional pain, inconvenience, mental anguish and loss of enjoyment of life.

(Violation of the Elliott Larsen Civil Rights Act)
Count IV – Age Discrimination

47. Plaintiff incorporates by reference Paragraphs 1 through 46 as though fully set forth herein.

48. Defendant violated Plaintiff's civil rights through its discrimination of her as a result of her age in the following ways:

   a. subjecting Plaintiff, because of her age, to conduct and communication regarding her age and health condition and their

7

desire that she take early retirement, which had the purpose and/or effect of denying her the full benefit of her employment with Defendant;

b. Allowing and/or failing to stop harassment of Plaintiff, because of her age, by its management personnel, despite Plaintiff having asserted her right, not to be subjected to this kind of activity.

c. Planning to throw an "early retirement" party for Plaintiff when no plans for such an early retirement had been agreed upon;

d. Terminating Plaintiff's employment.

49. As a direct and proximate result of Defendant's actions, Plaintiff has suffered loss of income, loss of employment opportunities, emotional pain, inconvenience, mental anguish and loss of enjoyment of life.

PLAINTIFF REQUESTS judgment against Defendants as follows:

1. Legal relief

   a. Compensatory damages in whatever amount she is found to be entitled.

   b. Liquidated damages in whatever amount she is found to be entitled.

   c. An award of interests, costs, and reasonable attorney fees and expert witness fees.

2. Equitable relief

   a. An order granting Plaintiff's request for unencumbered leave pursuant to the FMLA.

b. An injunction prohibiting any further acts of wrongdoing, discrimination, or retaliation.

c. An order providing for reinstatement of Plaintiff's employment, restoring her to her former position, title, and job grade.

d. Whatever other equitable relief appears appropriate at the time of final judgment.

Date: May 17, 2017

Kevin S. Anderson (P48851)
Kevin S. Anderson, PLC
Attorney for Plaintiff
620 Broad Street, Suite 204
St. Joseph, MI 49085
(269) 932-4224